# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information associated with<br>"hchauncey1971@gmail.com" that is stored at premises<br>controlled by Google | )<br>)<br>)<br>)<br>)<br>)    Case No. 22MJ 134 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1343,<br>1349, 1956(h), 1957 | Wire fraud; attempt and conspiracy; money laundering conspiracy; and engaging<br>in monetary transactions in property derived from specific unlawful activity |

The application is based on these facts:

See affidavit of Special Agent Jeffrey T. Purgason

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*(s/ Jeffrey T. Purgason*
_____
*Applicant's signature*

IRS SA Jeffrey T. Purgason
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone, after emaily documents *(specify reliable electronic means)*.

Date: 03/18/22

_____
*Judge's signature*

City and state: Greensboro, North Carolina

Honorable L. Patrick Auld
_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Google accounts "HCHAUNCEY1971@GMAIL.COM", and "BIGHIT2018@GMAIL.COM" that are stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

### I.  Information to be disclosed by Google LLC ("Google")

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information from October 1, 2019 to March 31, 2021, unless otherwise indicated:

a.  The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.  The types of service utilized;

d.  All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

e.       All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 1343 (wire fraud), 1349 (attempt and conspiracy), 1956(h) (money laundering conspiracy), and 1957 (monetary transactions), involving the SUBJECT ACCOUNTS between October 1, 2019 through March 31, 2021, in the following form:

a.   Evidence relating to the identity of the individual(s) with access to the SUBJECT ACCOUNTS;

b.   Evidence of, or communications related to, the purchase of cars, land, and/or other luxury items;

c.   Records, information, and communications referencing the Economic Injury Disaster Loan program ("EIDL") or other forms of relief provided for by the CARES Act;

d.   Records, information, and communications referencing Hollis House, Inc.;

e.   Records, information, and communications referencing Hollis Security;

f.    Documents or communications between and among the users of the SUBJECT ACCOUNTS and any individuals regarding the receipt, funding, use, and transfer of EIDL proceeds.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNTS "HCHAUNCEY1971@GMAIL.COM, AND BIGHIT2018@GMAIL.COM," THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE LLC | Case No. 1:22mJ134 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Jeffrey T. Purgason, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a "federal law enforcement officer" within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure. My duties include investigations of alleged criminal violations relating to Financial Transaction Money Laundering (Title 18, United States Code, Sections 1956 and 1957), The Bank Secrecy Act (Title 31, United States Code, Sections 5313 and 5324), The Internal Revenue Code (Title 26, United States Code), and related offenses. As a Special Agent, I have conducted or participated in numerous investigations of alleged criminal violations of the above-stated statutes.

2.      I have been a Special Agent with the Internal Revenue Service since December 2003. I am a graduate of Methodist University with a bachelor's degree in accounting and have been a Certified Public Accountant in the state of North Carolina since January 2001. I am a graduate of the Criminal Investigator Training Program and the Special Agent Investigative Techniques Program at the Federal Law Enforcement Training Center at Glynco, Georgia. I have had extensive training in financial investigations which included the development of probable cause for search warrants, analyzing financial documents, and interviewing witnesses.

3.     I make this affidavit in support of an application for a search warrant for information associated with Google Accounts—hchauncey1971@gmail.com ("SUBJECT ACCOUNT 1"), and bighit2018@gmail.com ("SUBJECT ACCOUNT 2")—(collectively, "the SUBJECT ACCOUNTS")—that are stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service provider, headquartered at 1600 Amphitheater Parkway, Mountain View, California.

4.     The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

5.     Based on the facts as set forth in this affidavit, I submit that there is probable cause to believe that Chauncey Hollis, user of the SUBJECT ACCOUNTS, and Michelle Hollis, committed violations of Title 18, United States Code, Section 1343 (wire fraud), Title 18, United States Code, Section 1349 (attempt or conspiracy to commit wire fraud), Title 18, United States Code, Section 1956(h) (money laundering conspiracy), and Title 18, United States Code, Section 1957 (engaging in monetary transactions in property derived from specific unlawful activity), (collectively, the "SUBJECT OFFENSES") and used the SUBJECT ACCOUNTS in furtherance of the violations. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

2

6.     This affidavit is based on my personal investigation and investigation by others. The facts contained herein have been obtained by interviewing witnesses and examining documents obtained during the investigation, as well as through other means. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## JURISDICTION

7.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### Background on CARES Act Relief

8.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law that was enacted on March 27, 2020 and designed to provide emergency financial assistance to Americans who are suffering negative economic effects caused by the COVID-19 pandemic. One of the core provisions of the CARES Act was the authorization the Paycheck Protection Program ("PPP") which authorized the U.S. Treasury to use the Small Business Administration ("SBA") loan program to issue $349 billion in potentially forgivable loans to small businesses for job retention and certain other expenses.

9.     The Economic Injury Disaster Loan ("EIDL") program is an SBA program that provides low-interest loans and grants to qualifying small businesses for ordinary and necessary financial obligations that cannot be met as the result of a disaster.

3

10.     The CARES Act also authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The advances were immediately forgivable as a grant and did not have to be repaid.

11.     In order to obtain an EIDL and advance (grant), a qualifying business had to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period preceding the disaster was that preceding January 31, 2020. The applicant had to certify that, within the last five years, he/she had not been convicted of, pleaded guilty to, pleaded nolo contendere to, or been placed on pretrial diversion or any form of parole or probation for a felony offense. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge and that he/she would submit truthful information in the future.

12.     EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or EIDL advance were issued directly by the SBA. Permissible uses of EIDL funds included payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

4

### *Fraudulent Loan Applications: Background*

13.     As described in further detail below, there is probable cause to believe that Michelle Hollis and Chauncey Hollis engaged in a scheme to fraudulently obtain COVID-19 relief funds and then used the relief funds for improper purposes. Specifically, Michelle Hollis and Chauncey Hollis submitted, or caused to be submitted, multiple EIDL applications. One of those applications was approved, and Michelle Hollis, a resident of Winston-Salem, North Carolina, received payments from the EIDL program totaling $139,900 (the "Hollis House EIDL"). The Hollis House EIDL loan ($134,900) and grant proceeds ($5,000) were deposited into a Wells Fargo bank account on July 8, 2020. That Wells Fargo account was opened by Michelle Hollis on March 3, 2020, in the name of Hollis House, Inc. Three additional EIDL applications were submitted for businesses listing Chauncey Hollis as the owner; however, those three applications were denied. Records from the California Department of Corrections and Rehabilitation show that Chauncey Hollis has been an inmate at Centinela State prison since August 9, 2016.

### *The Hollis House EIDL Application & Loan*

14.     On or about July 5, 2020, an online application for an EIDL was submitted from an internet protocol (IP) address in California. The application listed the business name as Hollis House and the owner of the business as Michelle Hollis. Hollis House was described as a limited liability company located at 3853 Crusade Drive, Winston-Salem, North Carolina. The business email address on the loan application was mhollis414@yahoo.com and the primary contact email listed on the application was hchauncey1971@gmail.com (i.e., SUBJECT ACCOUNT 1). The application described the company as a catering business with five employees that has been in business since October 10, 2019. It further reported gross revenues and cost of goods sold for the 12 months prior to the disaster as $380,000 and $100,000, respectively.

5

15.     North Carolina Secretary of State online records show that Articles of Incorporation for Hollis House, Inc. were filed on March 2, 2020 (and dated February 7, 2020). Michelle Renee Hollis is listed as the Registered Agent and the CEO. The principal office of the corporation is listed as 3853 Crusade Drive, Winston-Salem, North Carolina 27101.

16.     The EIDL loan authorization and agreement was electronically signed by a person purporting to be Michelle Hollis on July 6, 2020. The individual signing the document utilized the email hchauncey1971@gmail.com (SUBJECT ACCOUNT 1) to electronically sign the loan agreement.     As explained below, the documents are sent to the email address hchauncey1971@gmail.com – the primary contact mail on the application. Information from the SBA shows that IP address 172.58.30.147 was used to sign the loan agreement.

17.     Bank records and other supporting documentation were received from Wells Fargo during the investigation. Those records reveal that Michelle R. Hollis opened the business checking account ending in 2895, in the name of Hollis House, Inc. on March 3, 2020 with an initial deposit of $25. Michelle Hollis's name, date of birth, address, driver's license number, and social security number are listed on the account opening document. Michelle R. Hollis is listed as the "Key Executive with Control of the Entity" on the signature card for the account ending in 2895.

18.     On July 8, 2020, $134,900 in EIDL loan funds were deposited into the Wells Fargo business checking bank account ending in 2895. On the same day, EIDL grant funds of $5,000 associated with the loan were deposited into the same account. The day before the EIDL funds were deposited, the ending daily balance for account ending in 2895 was $1,090.86.

19.     In July 2020, only three other deposits were made into the account ending in 2895 after the EIDL funds were deposited. The other deposits were on July 17, 2020 for $230.88, July

6

27, 2020 for $0.01, and July 31, 2020 for $221.64. The July 17, 2020 and July 31, 2020 deposit descriptions were "Resourcing Edge Payroll 200717 041715 Michelle Hollis" and "Resourcing Edge Payroll 200731 042315 Michelle Hollis," respectively. Wells Fargo business checking bank account ending in 2895 had an ending balance of $1,357.54 on July 31, 2020.

20.     After the EIDL funds were deposited into account ending in 2895, Michelle and Chauncey Hollis appear to purchase a car and land for personal use using EIDL funds.

21.     Specifically, bank records show that on July 10, 2020, two days after the EIDL loan proceeds and grant were deposited, $50,000 was withdrawn from the Well Fargo account ending in 2895. The next day, Michelle Hollis purchased a 2017 Porsche Cayenne at Foreign Cars Italia in Greensboro, North Carolina. As part of the vehicle purchase, Michelle Hollis placed a cash down payment of $26,200. Michelle Hollis signed a credit application used to obtain financing for the purchase of a 2017 Porsche Cayenne at Foreign Cars Italia in which she was listed as the Primary Applicant. On the application, Michelle Hollis listed North Carolina Baptist Hospital as her current employer; "Nurse Asst." as her position; and $24,000 as her annual income. The only other income listed on the credit application was $9,600 annually. The source of the additional income was listed as "Griswold part time 3 yrs Nurse Asst." The credit application did not list any income from Hollis House, Inc.

22.     Also on July 10, 2020, a wire transfer of $9,895 was made from Hollis House, Inc. account ending in 2895 to an account for Landco Investments Inc. Records obtained from Landco Investments Inc. show that Chauncey Hollis entered into a sale agreement for vacant land on July 9, 2020, with Dara Investment Company. The property is in San Bernardino County, California. The purchase price was listed as $9,500 with a $395 transfer fee. The buyer is listed as Chauncey Hollis with an email address of bighit2018@gmail.com (SUBJECT ACCOUNT 2). Wire

7

information received from Landco Investments, P.O. Box 4276, Orange, California 92863, showed a wire transfer of $9,895 from Hollis House, Inc., account ending in 2895, to Landco Investments, Inc., account ending in 3362. Landco Investments also provided copies of email communications between Landco Investment personnel and email address bighit2018@gmail.com (SUBJECT ACCOUNT 2). On July 9, 2020, at 7:09 p.m., bighit2018@gmail.com wrote, "My wife has an appointment with wells Fargo tomorrow at 2 PM eastern time in Which the funds will be transferred".

### *Additional EIDL Applications*

23.     On July 6, 2020, an EIDL application for the business Hollis Security was submitted. The application listed Chauncey Hollis as the owner. The application described Hollis Security as transportation company with a business address of 1210 NE 25th Street, Winston-Salem, North Carolina 27105. The EIDL application claimed ten employees, with $125,000 in gross revenues and $15,000 in rental properties. The business contact telephone number and email address for Hollis Security was listed as (323) 930-9770 and 1antonioheath@gmail.com, respectively. The address, telephone number and email address for the business were the same as listed for the business owner, Chauncey Hollis, on the EIDL application. SBA captured IP address 172.58.30.147 as the IP address used to submit the Hollis Security EIDL application. This was the same IP address that was used to sign the Hollis House EIDL documents.

24.     On July 7, 2020, an EIDL application for a barber/hairstylist business named "Chauncey Hollis" was submitted. The application listed Chauncey Hollis as the owner, with the same social security number and date of birth as was listed for Chauncey Hollis on the Hollis Security EIDL application. The application listed the business trade name as barber/hairstylist and the business category description as hair and nail salon. The application listed 36934 Spanish

8

Broom Dr., Palmdale, California 93550 as the business address. The EIDL application claimed eight employees, with $38,000 in gross revenues and $16,500 in cost of goods. The business contact telephone number and email address for the barber/hairstylist business was listed as (626) 310-5247 and bighiths87@gmail.com, respectively. The address, telephone number, and email address for the business were the same as listed for the business owner, Chauncey Hollis, on the EIDL application.

25. On July 8, 2020, an EIDL application for an agriculture business named "Chauncey Hollis" was submitted. The application listed Chauncey Hollis as the owner with the same social security number and date of birth as was listed on the Hollis Security and Chauncey Hollis barber/hairstylist EIDL applications. The application listed the business trade name as Chauncey Hollis and the business activity description as agriculture. The business address was listed as 1210 NE 25th Street, Winston-Salem, North Carolina 27105. The EIDL application claimed eight employees, with $43,000 in gross revenues and $34,00 in cost of goods. The business contact telephone number and email address for the agriculture business was listed as (323) 930-9770 and 1antonioheath@gmail.com, respectively. The address, telephone number, and email address for the business were the same as listed for the business owner, Chauncey Hollis, on the EIDL application.

26. Each of the EIDL applications described in paragraphs 23-25 were denied.

### Internet Service Provider Subscriber Information

27. The SBA captured the IP address for each of the EIDL applications discussed above at the time the EIDL applications were submitted. The Internet Service Provider (ISP) was contacted for each of the IP addresses to obtain the subscriber information. The EIDL application for the barber/hairstylist business was submitted using an IP address of

9

2606:6000:5057:6500:8d64:9491:9e3e:8495. Subscriber records from Charter Communications showed the IP address was assigned to Kimberly Hawkins at 36934 Spanish Broom Drive, Palmdale, CA 93550 on the date and time the EIDL application was created. The Charter Communication account for Kimberly Hawkins listed a telephone number of (626) 310-5247.

28.     An internet search identified the other three IP addresses used to submit EIDL applications for Chauncey Hollis and Michelle Hollis were assigned to T-Mobile USA, Inc. Legal order process was submitted to T-Mobile to identify the subscriber's name and address for the accounts. T-Mobile respndedthat no subscriber information was found for the IP address or T-Mobile was unable to determine the subscriber.

29.     The SBA also captured the IP address of 172.58.30.147 which was used on July 6, 2020, to electronically sign the Hollis House EIDL documents. This IP address matched the IP address used to submit the EIDL application for Hollis Security on July 6, 2020.

### *California Department of Corrections and Rehabilitation*

30.     The California Department of Corrections and Rehabilitation (CDCR) website allows the public to search inmates via first, last, and middle name, as well as the inmates CDCR number. A search of the last name "Hollis" and first name "Chauncey" showed an inmate named Chauncey Alexander Hollis with CDCR number BA6212. According to the CDCR website Chauncey Hollis is located at Centinela State Prison and has been since August 9, 2016.

31.     A request of information from Centinela State Prison revealed Michelle R. Hollis listed as Chauncey Hollis's wife on the approved visitor list. Michelle R. Hollis's addresses was listed as 3853 Crusade Drive, Winston Salem, NC 27101. Centinela State Prison records also listed Dawn Scott as Chauncey Hollis's wife with the address of 36934 Spanish Broom Drive, Palmdale, California 93550 (i.e., the same address associated with the IP address that submitted

10

the barber/stylist EIDL application). Chauncey Hollis had six disciplinary actions from April 27, 2020 through May 28, 2021 for possession of a wireless communication device.

### *Interview of Michelle R. Hollis*

32.     On February 11, 2021, IRS investigators interviewed Michelle Hollis at 3853 Crusade Drive, Winston-Salem, North Carolina. Michelle Hollis said she has a business named Hollis House, Inc. that prepares and sells food by the plate. According to Michelle Hollis, she cooks the food at her residence located at 3853 Crusade Drive, Winston-Salem, North Carolina and at her other house located on 25th Street in Winston-Salem, North Carolina (as noted above, two of the denied EIDL applications listed an address on 25th Street in Winston-Salem, North Carolina). According to Michelle Hollis, the business officially started about one year prior to the date of the interview when the Articles of Incorporation were filed with the North Carolina Secretary of State, but she had been selling plates of food to customers for years. When asked about employees, Michelle Hollis listed three relatives.

33.     Michelle Hollis claimed the EIDL application paperwork was completed by a man named Omar. Michelle Hollis could not recall Omar's last name and did not have a telephone number for Omar. Michelle Hollis informed the investigators that Omar died. Michelle Hollis met Omar through a friend that Michelle Hollis identified as a longtime friend named Bernard. Michelle Hollis could not recall Bernard's last name and did not have a telephone number where Bernard could be reached.

34.     According to Michelle Hollis, she met Omar at the Applebee's restaurant in Winston-Salem and provided Omar the information he requested. Michelle Hollis specifically noted that she provided Omar the Articles of Incorporation for Hollis House, Inc., the employer identification number for Hollis House, Inc. and the number of employees. Michelle Hollis told

11

Omar that Hollis House, Inc. had three employees. According to Michelle Hollis, she did not provide Omar with any information relating to the income of Hollis House, Inc. Michelle Hollis claimed she paid Omar $1,000 at the restaurant for helping her with the EIDL application.

## Use of *SUBJECT ACCOUNTS*

35.     As described in paragraph 22, the email address "bighit2018@gmail.com," (SUBJECT ACCOUNT 2) was used by Chauncey Hollis to discuss a land transaction that appears to be funded with the Hollis House EIDL proceeds.

36.     As described in paragraphs 14 and 16, the email address "hchauncey1971@gmail.com" (SUBJECT ACCOUNT 1) was listed as the primary contact email for the Hollis House EIDL. The affiant has been informed the EIDL application process is conducted online, and the primary contact point for the loan applicant is the primary contact e-mail address, which is entered as part of the initial application. E-mails are sent from the SBA to this address in order to inform them of the loan process and any further steps that need to be taken by the applicant. Additionally, the final signature required by the applicant to complete the loan is completed online through the "DocuSign" service. Applicants receive an e-mail at their primary contact e-mail address where they are prompted to review the loan terms and then e-sign under the penalties of perjury that they have read and agree to such terms. Thus, the individual controlling email address, hchauncey1971@gmail.com (SUBJECT ACCOUNT 1), would have received the loan documents and terms to sign the EIDL application for Hollis House. The terms of the EIDL expressly state that the funds must be used by the business solely as working capital to alleviate economic injury caused by disaster.

12

## BACKGROUND CONCERNING GOOGLE[1]

37.     Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

38.     When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

39.     In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

---

[1]     The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

40.     Signing up for a Google Account automatically generates an email address at the domain "gmail.com", like the e-mail accounts listed in Attachment A. That email address will be the log-in username for access to the Google Account. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

41.     A Google subscriber can also store with the provider files in addition to e-mails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to e-mails), and other files, on servers maintained and/or owned by Google.

42.     Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the IP addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use

14

an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

43.     Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

44.     In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

45.     Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation.     Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation.  In addition, emails and attachments can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

46.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.,* information indicating a plan to commit a crime), or consciousness of guilt (*e.g.,* deleting account information in an effort to conceal evidence from law enforcement).

15

47.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services. In my training and experience, such information may constitute evidence of the crimes under investigation.

## CONCLUSION

48.     Based on the forgoing, I request that the Court issue the proposed search warrant.

49.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

/s/ Jeffrey T. Purgason

Jeffrey T. Purgason
Special Agent
Internal Revenue Service: Criminal Investigation

On this day, the applicant appeared before me by reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Subscribed and sworn to before me this 18 day of March 2022.

L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina

16